117511 PJO/la

IN THE COURT OF COMMON PLEAS

DELAWARE COUNTY, OHIO

CASE NO.: 20-CVH-100494

JUDGE: **David M. Gormley**

Grange Indemnity Insurance Company
6785 Telegraph Road, Suite 400
Bloomfield Hills, MI 48301

    Plaintiff

vs.

Home Depot Product Authority, LLC
d/b/a/ The Home Depot, Inc.
c/o Statutory Agent Corporation Service Co.
50 West Broad Street, Suite 1330
Columbus, Ohio 43215

    and

Ningbo Jieming Electronics Co., Ltd.
c/o McLarens
425 West Huron Street, Suite 230
Millford, Michigan 48381

    and

John Doe Manufacturer
True name and address unknown

    Defendants

**COMPLAINT**
*(Jury Demand Endorsed Hereon)*

## PARTIES

1. Plaintiff Grange Indemnity Insurance company ("Plaintiff") is an insurance company licensed to do business and issue policies of insurance in the State of Ohio, with its principal place of business located in 671 South High Street in Columbus, Ohio.

2. Defendant Home Depot Product Authority, LLC d/b/a The Home Depot, Inc. ("Home Deport") is a Georgia corporation with its principal place of business located at 2455 Paces Ferry Road N.W. in Atlanta, Georgia.

EXHIBIT A

3. At all times material herein, HDX is a trademarked brand owned by Home Depot Product Authority, LLC and/or Home Depot selling items and products, including 500-watt portable halogen work lights, further identified by Universal Product Code ("UPC") 819286011538.

4. Defendant Ningbo Jieming Electronics Co., Ltd. ("Ningbo") is a Chinese manufacturer of all types and kinds of work lights, including 500-watt portable halogen work lights, with its principal place of business located at No. 39, Zhuquan Road, Science & Technology Park, Ninghai County, Ningbo, Zhejiang, China (Mainland).

## COUNT I

5. On or about November 9, 2018, and at all times material herein, Plaintiff was the insurer, assignee, and subrogee of Laurie Tocash (herein after "Plaintiff's insured), who was the owner of an HDX brand 500-watt portable halogen work light purchased on October 4, 2018 from the Home Depot store located in Westerville, Ohio, and the real and personal property located at 4279 North Three B's & K Road in Sunbury, Ohio.

6. On or about November 9, 2018, Plaintiff's insured was utilizing the aforementioned HDX 500-watt portable halogen work light at the aforementioned real property located at 4279 North Three B's & K Road in Sunbury, Ohio.

7. At all times material herein, the Defendants were engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing supplying and/or selling of 500-watt portable halogen work lights, including the 500-watt halogen portable work light identified above, which was owned by Plaintiff's insureds.

8. Defendant Ningbo exported the 500-watt portable halogen work light into the United States.

9. On or about November 9, 2018 at 4279 North Three B's & K Road in Sunbury, Ohio, the 500-watt portable halogen work light failed as a result of a defect within the light's switch junction box and its component parts, including, but limited to crimp connections between primary and secondary conductors, causing damage to Plaintiff insured's real and personal property in an amount of $176,626.08.

10. The aforementioned failure and resulting damages were the direct and proximate result of the 500-watt portable halogen work light being defective at the time it left the hands of Defendants.

11. Defendants placed the 500-watt portable halogen work light into the stream of commerce in Ohio in a defective condition.

12. Plaintiff's insured was the ultimate user or consumer of the 500-watt portable halogen work light.

13. At the time of the 500-watt portable halogen work light failure and loss, the condition of the work light had not been materially altered or changed since it left the hands of Defendants.

14. As a direct and proximate result of aforementioned failure, Plaintiff's insured's real property sustained damages in the amount of $151,404.15, her personal property was severely damaged, requiring repair and/or replacement in the amount of $138.56 and she incurred additional living expenses in the amount of $25,083.37.

15. Pursuant to its policy of insurance with its insured, Plaintiff was required to and did make payments to and/or on behalf of its insured for the aforementioned damages in the amount of $176,626.08 and became subrogated to said amount.

16. Defendants were the "Manufacturer" of the subject 500-watt portable halogen work light as defined in Ohio Revised Code § 2307.71(A)(9), which defines a "Manufacturer" as a "person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product."

17. Defendants were the "Supplier" of the subject 500-watt portable halogen work light as defined in Ohio Revised Code § 2307.71(A)(15), which defines "Supplier" as a person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce.

18. The 500-watt portable halogen work light was defective in manufacture and/or construction, as defined by Ohio Revised Code § 2307.74, when it left the hands of Defendants.

19. The 500-watt portable halogen work light was defective in design or formulation, as defined by Ohio Revised Code § 2307.75, in that at the time it left the control of its manufacturer, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation of the work light.

20. The 500-watt portable halogen work light was defective due to inadequate warning or instruction as described by Ohio Revised Code § 2307.76.

21. The 500-watt portable halogen work light was defective in design, production, and/or manufacture in that it failed to conform to the representations and/or warranties as described in Ohio Revised Code § 2307.77 that came with, or should have come with, the 500-watt portable halogen work light, including but not limited to implied warranties of merchantability and/or implied warranty of fitness for a particular purpose.

22. The 500-watt portable halogen work light was defective in design, production, and/or manufacture in that it and/or its materials or components failed to meet the performance standards as established by Defendants.

## COUNT II

23. Plaintiff reiterates and realleges paragraphs 1 through 22 as if fully rewritten and restated herein.

24. Defendant Home Depot was a "Supplier" of the subject 500-watt portable halogen work light as defined in §2307.71(A)(15)(a) which defines a Supplier as "A person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce."

25. Defendant Home Depot is liable to Plaintiff as a "Supplier" of the subject 500-watt portable halogen work light for the reasons stated and enumerated in Ohio Revised Code §2307.78 including but not limited to subsection (B)(1) which provides that a supplier is liable as if it was the manufacturer of the subject product if "the manufacturer of that product is not subject to judicial process in this state."

26. The subject 500-watt portable halogen work light was manufactured by Ningbo, a Chinese entity, which in fact, is or may not be subject to judicial process in this state.

27. Defendant Home Depot is also liable to Plaintiff as a "Supplier" for the reasons stated and enumerated in Ohio Revised Code §2307.78 (B)(7) which provides that a supplier is liable as if it was the manufacturer of the subject product if that "supplier in question marketed that product under its own label or trade name."

28. Plaintiff has attempted to identify John Doe Manufacturer but is unable to do so despite reasonable inquiry.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and/or severally, in the amount of $176,626.08, plus statutory interest, plus the costs of this action.

KEIS | GEORGE llp
Attorney for Plaintiff
55 Public Square #800
Cleveland, Ohio 44113
P 216.241.4100 / F 216.771.3111
Email: *pomalley@keisgeorge.com*

*/s/ Patrick J. O'Malley*

Patrick J. O'Malley (0064987)

## **JURY DEMAND**

    Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, a trial by a jury composed of the maximum number of jurors permitted by law is hereby demanded by the Plaintiff.

*/s/ Patrick J. O'Malley*

_____
Patrick J. O'Malley (0064987)